IN RE LLORENS, PLAINTIFF AND APPELLANT, *v.* PEOPLE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for the Violation of Section 26 of the Notarial Act.

No. 1293.—Decided December 13, 1918.

NOTARIES—DISCIPLINARY FINE—APPEAL.—Under the impression that for the weeks in which he executed no deeds the Notarial Act imposed no duty upon him to make a return to the district court as prescribed by section 26 of the Notarial Act, the notary failed to report to the said court and was fined. Hav-

ing appealed from that decision, it was held that while there may be per-
haps some other way of obtaining a review of the action of the district court,
no appeal lies, because no provision is made for an appeal in the said act
and the failure to make the return does not fall within the general provisions
relating to crimes.

The facts are stated in the opinion.

Mr. *Luis Llorens Torres* for the appellant.

Mr. *Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Notary Luis Llorens Torres, being convinced that for the weeks in which he executed no deeds the notarial law imposed no duty upon him to make a return to the district court, did not report to the said court. He was cited before the court and fined. He appealed from the action of the court. It is the notarial law itself which gives the court authority to impose a fine, and in that law no provision is made for an appeal.

The failure to make this return has not been denounced as a crime by the legislature and hence does not fall within the general provisions relating to appeals from felonies or misdemeanors. In these special statutes an appeal has generally been clearly given.

Section 27 is as follows:

"Any notary who fails to comply with these requirements shall be disciplined by the judge of the district court with a fine of not more than five hundred dollars, for the first offense; with temporary suspension from office, not exceeding six months, for the second, and with final or permanent suspension, for the third."

The fine is an administrative or disciplinary one and there is no intent on the part of the legislature to make the failure to report a crime. In *People* v. *South Atlantic Fruit Co.*, 25 P. R. R. 620, there was some discussion of whether a crime had been denounced, but the statute there provided for a prosecution by the district attorney and for a conviction. Under these circumstances we must hold that no crime was committed.

Hence, while there may perhaps be some other way of obtaining a review of the action of the district court, no appeal lies from the fines imposed under section 27 of the Notarial Law intended to be summary in its nature.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.